Filed: 4/10/2018 4:05 PM
Lynne Finley
District Clerk
Collin County, Texas
By Rosanne Munoz Deputy
Envelope ID: 23792065

CAUSE NO. 429-01730-2018

| | | |
|---|---|---|
| AD LAND MANAGEMENT, LLC | § § § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § § | |
| v. | § § § § | OF COLLIN COUNTY, TEXAS |
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, | § § § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES AD Land Management, LLC, Plaintiff in the above styled and numbered cause, and files this its Original Petition and in support of which would respectfully show the Court as follows:

**I.**
**DISCOVERY LEVEL**

Plaintiff designates Discovery Control Plan Level III pursuant to Rule 190.4 of the *Texas Rules of Civil Procedure*. Pursuant to Rule 47(c) of the *Texas Rules of Civil Procedure*, Plaintiff seeks monetary relief greater than $200,000 and less than $1,000,000.

**II.**
**PARTIES**

Plaintiff, AD Land Management, LLC, is a domestic limited liability company, formed and existing under the laws of the State of Texas.

Defendant Nationwide Mutual Fire Insurance Company (hereinafter "Nationwide") is an insurance carrier conducting business in the state of Texas. Defendant Nationwide may be served

with process by the Clerk of the Court pursuant to *Texas Rules of Civil Procedure* Rule 103 by serving its agent for process, Corporation Service Company by certified mail, return receipt requested, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### III.
### VENUE AND JURISDICTION

Venue is proper in Collin County, Texas, pursuant to *Texas Civil Practice and Remedies Code* § 15.002 (a)(1) because Collin County, Texas, is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred and the county where the property the subject of the dispute is located. Further, this Court has jurisdiction over this cause as the amount in controversy is in excess of the minimum jurisdictional limits of this court, exclusive of costs and interest, pursuant to *Texas Government Code* §24.007 *et. seq.*

### IV.
### VICARIOUS LIABILITY

Whenever it is alleged herein that Defendant Nationwide committed any acts or omissions, it is also alleged that such acts or omissions were committed by Nationwide's directors, officers, agents or employees while acting within the course and scope of their respective employment with Defendant Nationwide.

### V.
### FACTS

Defendant Nationwide issued an insurance policy (hereinafter the "Policy"), identified as Policy No. ACP CPPF05536024426, designating AD Land Management, LLC d/b/a Parker Road Boat & RV Storage, as the named insured. The Policy insured the commercial property located at 8318 East Parker Road, Wylie, Texas 75098 (hereinafter the "Property") against loss occurring from damage to the Property as a result of hail and windstorm, as is defined in the

Policy. The Policy remained in full force and effect throughout the Policy term, including on the date of loss.

Nationwide represented to AD Land Management, LLC that the insurance coverage specified under the Policy was appropriate coverage for AD Land Management, LLC's Property and that the Property was of such condition to be insurable with replacement cost coverage at the time of application of the Policy. Nationwide also represented that the Policy would pay monetary benefits to AD Land Management, LLC in the event of damage to the buildings on the Property caused by a hail or windstorm occurring during the effective dates of the Policy.

The buildings on the Property insured by Nationwide suffered substantial hailstorm damage during the Policy term on April 11, 2016 (hereinafter the "date of loss"). The physical evidence reveals that the buildings on the Property were struck by large hail that caused substantial and functional damage to the Property and compromised the integrity of the entire roofing system. The damage prevents the roof from continuing to function as a barrier to the elements to the same extent as it did before the damage. AD Land Management, LLC promptly provided notice of the loss to Nationwide and/or its agents, fully complying with its duties under the Policy for giving notice of losses and/or claims. The loss was assigned Claim No. 7842PE1309240411201651 by Nationwide.

Plaintiff would show it filed a claim with Defendant as required under the Policy for the repair or replacement of the damages to the Property caused by hail during the storm event. Plaintiff would show that Defendant does not dispute the hail damage occurred at the Property on the date of loss. Following an evaluation of the claim by Defendant, a disagreement arose between Plaintiff and Defendant regarding the extent of the damages covered under the Policy

and the repairs or replacements necessary to return the Property to the condition it had prior to the storm event.

On or about May 26, 2016, Nationwide hired Owen Tolson III to inspect the damage to the Property. Mr. Tolson's estimate for repairs and/or replacement of the roofing system grossly underestimated the damage to the interior and exterior of the Property and neglected to include a significant portion of the damage to the Property. Although concluding functional damage occurred at the Property due to hail, Mr. Tolson's estimate for repairs and/or replacement of the roofing system grossly undervalued the cost of repair and scope of damage.

Nationwide has failed and continues to fail to pay the full amount required to properly repair the Property, including the roofing system of the Property, for damages caused by the April 11, 2016 hailstorm.

Given the evidence and analysis available to Nationwide that the April 11, 2016 hailstorm caused extensive damage to the Property, which compromised the integrity of the roofing system and caused additional damage to the Property, coverage under the Policy for full and complete repairs was more than reasonably clear. However, to date, Nationwide has continually refused to provide for the repairs and/or replacement due to AD Land Management, LLC under the Policy.

## VI.
## CONDITIONS PRECEDENT

All conditions precedent to AD Land Management, LLC's causes of action against Nationwide have been performed or have occurred. Despite numerous demands by AD Land Management, LLC that Nationwide pay the amounts due under the Policy, Nationwide has failed and refused and continues to fail and refuse to pay the total value of the claim for which it is obligated to pay under the Policy.

PLAINTIFF'S ORIGINAL PETITION  PAGE 4

Pre-suit notice was given to Nationwide in accordance under *Texas Insurance Code* § 542A. The pre-suit notice contained statements of the actions and omissions of Nationwide, the specific amount owed to AD Land Management, LLC for damages to the Property, and a request for reasonable and necessary attorney's fees. This pre-suit notice was delivered and received by Nationwide more than 60-days prior to the filing of this suit as may be required under *Texas Insurance Code* § 542A.

## VII.
## VIOLATIONS OF TEXAS INSURANCE CODE SECTION 542

Nationwide has delayed payment of the full amount of AD Land Management, LLC's claim for more than sixty (60) days after receiving all the required and requested items, evidence, statements, and forms from AD Land Management, LLC. This conduct by Nationwide violates §542 of the *Texas Insurance Code*, for which AD Land Management, LLC now complains. AD Land Management, LLC has been compelled to engage the services of the undersigned attorney for the prosecution and collection of the sums pursuant to its claim. Accordingly, AD Land Management, LLC is entitled to recover from Nationwide the additional sum of 18% *per annum* of the amount payable under the Policy, together with reasonable attorneys' fees in the preparation and trial of this action, including any appeals to the Court of Appeals or the Supreme Court of Texas.

## VIII.
## BREACH OF CONTRACT

It is well settled under Texas law that an insurance policy is an enforceable contract between the insured and the insurance provider. Upon denial of full coverage, Nationwide breached the insurance policy contract with AD Land Management, LLC. The breach of contract by Nationwide includes the breach of the duty to timely pay loss benefits due to AD Land

PLAINTIFF'S ORIGINAL PETITION PAGE 5

Management, LLC under the Policy. In addition to the damages outlined below, Nationwide's failure to comply with its contractual obligations to AD Land Management, LLC resulted in actual damages as a result of being compelled to file suit to recover benefits and proceeds to which AD Land Management, LLC is legally entitled. AD Land Management, LLC is also entitled to reasonable attorneys' fees for breach of contract pursuant to *Texas Civil and Practice Remedies Code* §38.001(8).

## IX.
## VIOLATIONS OF TEXAS INSURANCE CODE SECTION 541
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

AD Land Management, LLC would additionally show that from the time its claim was presented to Nationwide, and given the voluminous evidence presented demonstrating the need for total roof replacement, Nationwide's liability to pay the full claim was more than reasonably clear. Nationwide failed to conduct a reasonable and proper investigation of the claim even when presented with sufficient evidence from AD Land Management, LLC demonstrating the extent of the damage to the roof of the Property. Upon the denial of full coverage, Nationwide breached its insurance contract with AD Land Management, LLC. Due to the special relationship arising between Nationwide and AD Land Management upon entering the insurance contract, Nationwide's wrongful withholding of benefits due under the Policy constitutes a breach of the duty of good faith and fair dealing between the parties to the insurance contract in violation of the common law duty of good faith and fair dealing and §541 of the *Texas Insurance Code*.

## X.
## DAMAGES

As a proximate and/or producing result of the wrongful acts or omissions of Nationwide as alleged in this Petition, AD Land Management, LLC has suffered damages in excess of the minimum jurisdictional limit of this Court, including loss of benefits and proceeds due under the

PLAINTIFF'S ORIGINAL PETITION          PAGE 6

Policy, interest and penalties thereon, costs of court, and reasonable attorneys' fees in prosecuting this lawsuit against Nationwide.

## XI.
## EXEMPLARY DAMAGES

Through the wrongful denial and withholding of the full insurance benefits and proceeds owed to AD Land Management, LLC, Nationwide's conduct was malicious, willful, wanton, fraudulent, and/or done with actual conscious indifference to the rights or welfare of AD Land Management, LLC or others similarly situated. Nationwide committed such acts as a corporation by and through its agents, servants and/or employees in their managerial capacity and within the course and scope of their employment and/or authority of their agency, and such acts were directly authorized or subsequently ratified by authorized representatives of Nationwide. As a result of Nationwide's conduct, AD Land Management, LLC hereby sues for exemplary damages in the highest amount allowed by law.

## XII.
## DTPA VIOLATIONS

AD Land Management, LLC would additionally show that it is entitled to relief pursuant to the *Texas Deceptive Trade Practices-Consumer Protection Act* (hereinafter the "DTPA"). At the time Nationwide presented the Policy to AD Land Management, LLC, Nationwide represented that benefits for property damage suffered as a result of April 11, 2016 hailstorm during the Policy period would be paid to the extent necessary to repair the Property and replace the roof with material of like, kind and quality. Nationwide's act of denying and withholding payment of benefits due under the Policy constitutes a material misrepresentation of the Policy benefits and violates §17.46(b) of the DTPA in that Nationwide represented that the Policy had characteristics, uses or benefits, which it did not, and that the Policy did not confer the

PLAINTIFF'S ORIGINAL PETITION

protections and coverage as represented by Nationwide. AD Land Management, LLC relied upon the representations of Nationwide to its detriment and such representations were material to the transaction and entering into the Policy by AD Land Management, LLC.

The actions of Nationwide by failing to reasonably or properly investigate the claim or pay the full amount of the proceeds due to AD Land Management, LLC were committed intentionally and/or knowingly. Given the amount of evidence presented by AD Land Management, LLC demonstrating the damage sustained at the Property, Nationwide was actually aware at the time of the conduct of the falsity, deception, and unfairness of the conduct of which AD Land Management, LLC now complains. AD Land Management, LLC further alleges that Nationwide made these false misrepresentations with actual awareness of their falsity at the time they were made. Nationwide benefitted from the false representations by retaining benefits and proceeds due and owing AD Land Management, LLC. As such, AD Land Management, LLC is entitled to an award of treble damages stemming from Nationwide's actions in violation of the DTPA.

## XIII.
## DEMAND FOR JURY TRIAL

AD Land Management, hereby demands a jury trial of the above styled and numbered cause. AD Land Management, LLC is entitled to a trial by jury pursuant to the Constitution of the State of Texas, Art. 1, §15, Art. 5, §10 and *Texas Rule of Civil Procedure* 216. Payment of a jury fee accompanied the filing of this Petition.

PLAINTIFF'S ORIGINAL PETITION


PAGE 8

## XIV.
## REQUEST FOR DISCLOSURE

Pursuant to *Texas Rule of Civil Procedure* 194, Plaintiff AD Land Management, LLC, hereby serves Defendant Nationwide with its Request for Disclosure, to be answered within fifty (50) days of service of this Plaintiff's Original Petition.

## XV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff AD Land Management, LLC respectfully requests that Defendant Nationwide be cited to appear and answer herein and that upon final trial judgment be entered for:

1. Benefits payable under the insurance policy made the subject of this suit;

2. Damages for the harm suffered by Plaintiff and described in this petition in a sum as found by the trier of fact in excess of the minimum jurisdictional limits of the Court;

3. Damages for violations of §542 of the *Texas Insurance Code*;

4. Exemplary damages as found by the trier of fact;

5. Treble damages as determined by the trier of fact for Defendant's actions in violation of the DTPA;

6. Pre-judgment and post-judgment interest on all sums awarded to Plaintiff by the trier of fact at the highest interest rate allowed by law;

7. An award of all costs of court;

8. An award of reasonable and necessary attorneys' fees for violation of the *Texas Insurance Code* and as provided by §38.001 of the *Texas Civil Practice and Remedies Code*; and

9. Any and all other and further relief to which Plaintiff may show itself to be justly entitled at law or in equity.

Respectfully submitted,

*[signature]*

Randal L. Dean, SBN 00789249
RDean@BrownPruitt.com
**BROWN PRUITT WAMBSGANSS FERRILL & DEAN, P.C.**
801 Wells Fargo Tower
201 Main Street
Fort Worth, Texas 76102
(817) 338-4888 Telephone
(817) 338-0700 Facsimile

**ATTORNEYS FOR PLAINTIFF**

